**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Case No.**

TABITHA L. NEWTON,

 Plaintiff,

vs.

PERSONNEL SOLUTIONS PLUS,
a Florida Corporation.

     Defendant.

_____/

## COMPLAINT

Plaintiff, TABITHA L. NEWTON ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, PERSONNEL SOLUTIONS PLUS ("Defendant"), and in support thereof avers as follows:

## GENERAL ALLEGATIONS

1. This is an action for declaratory and injunctive relief and damages pursuant to the **Age Discrimination in Employment Act of 1967, 29 U.S.C §§ 621-634 ("ADEA"),** unlawful discrimination, retaliation, and failure to accommodate under the the **Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq.**, and the **Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction under 28 U.S.C. § 1367.

3. Defendant is authorized to conduct business in Orange County, Florida, where Plaintiff worked, and at all times material hereto was engaged in interstate commerce.

4. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs, and damages.

5. All conditions precedent for the filing of this action before this Court have been met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff was hired on **August 14, 2024** as a **504 Reasonable Accommodations Coordinator** assigned to the Orlando Housing Authority, earning **$72,000 annually** ($34.62/hour).

7. Plaintiff reported to Account Manager Ky Torres, while daily oversight came from Orlando Housing Authority executives including CEO Vivian Bryant, HR Manager Janet Bridges, and Department Manager Greg Garner.

8. From the outset, Plaintiff was subjected to **age-based hostility**. On **August 19, 2024**, Stephanie Anderson, a younger employee, expressed disappointment that Plaintiff had been hired, stating the position should have gone to a younger colleague. Similar disparaging remarks about Plaintiff's age continued, including comments that she was "still hanging in here."

9. Plaintiff was systematically excluded from training opportunities and denied equal access to work assignments. Files were withheld, reassigned, or deliberately delayed, leaving her with little to no cases while younger colleagues were favored.

10. Plaintiff suffered **sabotage of her work environment**, including relocation of medically necessary files beyond her physical reach, despite her physician's restrictions following a December 2024 car accident (files at waist level, lifting limited to 10 pounds). Defendant failed to accommodate these restrictions.

11. Plaintiff endured **harassment and verbal abuse**, including being called obscene words by colleagues on **April 4, 2025**, while others laughed. Management ignored her complaints.

12. Plaintiff was disproportionately disciplined, receiving a written warning on **January 13, 2025**, while younger colleagues engaging in similar conduct were not disciplined.

13. Plaintiff was micromanaged, criticized for trivial matters, and publicly undermined during meetings.

14. On **April 11, 2025**, Plaintiff notified Defendant and the Orlando Housing Authority that she had scheduled an intake appointment with the City of Orlando Human Relations regarding her EEOC complaint. Within hours, she was removed from her workplace.

15. On **June 3, 2025**, coinciding with her medically accommodated follow-up date, Plaintiff was terminated without exit interview or proper documentation.

16. Plaintiff also suffered **unpaid wages** for mandatory outings and events, including 32 hours of uncompensated work (e.g., Black History award and team outings), totaling **$1,107.84**. Under the FLSA, liquidated damages double that figure, bringing the total wage-related claim to **$2,215.68.**

**<u>COUNT I</u>**
*Unlawful Discrimination (ADEA & ADA)*

17. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 6-16 of this Complaint as if set out in full herein.

18. Plaintiff is a member of a protected class under the **ADEA** due to her age, and under the **Americans with Disabilities Act (ADA)** due to her documented medical restrictions following a car accident.

19. Defendant subjected Plaintiff to **age-based hostility**, including repeated disparaging remarks such as "still hanging in here" and complaints that her position should have been given to a younger colleague.

20. Defendant systematically excluded Plaintiff from training opportunities and denied her equal access to assignments, while younger employees were favored.

21. Defendant failed to provide reasonable accommodation for Plaintiff's medical restrictions, instead relocating files beyond her reach and using her limitations to isolate and humiliate her.

22. Plaintiff was disproportionately disciplined compared to younger colleagues, receiving a written warning while others engaging in similar conduct were not disciplined.

23. Defendant's conduct created a hostile work environment and constituted unlawful discrimination based on age and disability.

24. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

25. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

26. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

27. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

28. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

29. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

- Adjudge and decree that Defendant has violated the Florida Civil Rights Act and the Americans with Disabilities Act by subjecting Plaintiff to unlawful discrimination.

- Award Plaintiff actual damages for lost wages, lost benefits, and emotional distress.

- Award Plaintiff compensatory and punitive damages as permitted by law.

- Award Plaintiff the costs of this action, together with reasonable attorneys' fees.

- Grant Plaintiff such additional relief as the Court deems just and proper.

## COUNT II
### *Retaliation (ADEA)*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 6-16 of this Complaint as if set out in full herein.

31. Plaintiff engaged in **protected activity** by filing an EEOC complaint and requesting accommodations under the ADEA.

32. Defendant retaliated against Plaintiff by removing her from assignments, isolating her from colleagues, and ultimately terminating her employment on **June 3, 2025**, coinciding with her medically accommodated follow-up date.

33. Plaintiff's termination was carried out without proper documentation, without an exit interview, and directly followed her notification to Defendant of her EEOC intake appointment.

34. Defendant's actions were intended to punish Plaintiff for asserting her legal rights and to deter her from pursuing further complaints.

35. Such conduct constitutes retaliation in violation of the ADEA and the ADA.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the ADEA and in addition, order the following additional relief:

A.  Declare that the acts complained of herein are in violation of the ADEA;

B.  Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C.  Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D.  Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E.  Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F.  Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.  For a money judgment representing prejudgment interest;

H.  Award any other compensation allowed by law including punitive damages and attorney's fees;

I.  Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J.  Grant PLAINTIFF a trial by jury; and

Grant such other and further relief as the Court deems just and proper.

## COUNT III
### *RETALIATION IN VIOLATION OF THE ADA*

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 of this Complaint as if set out in full herein.

37. Defendant is an employer as that term is used under the applicable statutes referenced above.

38. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under the ADA.

39. The foregoing unlawful actions by Defendant were purposeful.

40. Plaintiff voiced opposition to unlawful employment practices during employment with Defendant and was the victim of retaliation, thereafter, as related in part above.

41. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.  There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

42. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

43. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the ADA and in addition, order the following additional relief:

A.  Declare that the acts complained of herein are in violation of the ADA;

B.  Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C.  Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D.  Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E.  Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F.  Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.  For a money judgment representing prejudgment interest;

H.  Award any other compensation allowed by law including punitive damages and attorney's fees;

I.  Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J.  Grant PLAINTIFF a trial by jury; and

Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demands trial by jury of all issues triable as of right by jury.

Dated: April 28, 2026

Respectfully submitted,

/s/ Shedwin Eliassin
Sara L. Cortes, Esq.
Fla. Bar No.: 1049208
Shedwin Eliassin, Esq.
Fla. Bar No.: 1060990
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000